The next matter, number 161461, Connors v. Fitzpatrick. Good morning. My name is Elizabeth Tempitzer. I represent Charlene Connors. I would like to request one minute time for rebuttal. You may. Thank you. The trial counsel in his closing told the jury that Mr. DiGennaro was an optimist. He was a home builder. He wanted to build houses, but his plans went awry. This was not a crime. This was a civil matter. And he stated clearly, this relationship was not a fiduciary relationship. It was one of a home builder to a purchaser, and there was no intent to create a trust. The judge in the instructions told the jury otherwise. The judge told the jury that Mr. DiGennaro was an agent, that an agent was a fiduciary. The judge told the jury that he intended to put the money in escrow, and escrow was a trust that satisfied the statute, and that if they find that he agreed to put the money in escrow, then the Commonwealth would have established that fact. This took away all of those decisions from the jury. It usurped the fact-finding role and relieved the Commonwealth of its burden. So counsel, let me ask you, and maybe this is unfair, but how do you think the court should have instructed the jury on this fiduciary element? I ask that because you do have these purchase and sale agreements which describe Mr. DiGennaro as an agent that's in the agreement. It specifically contemplates an escrow agreement. There's no question that the money was given to Mr. DiGennaro to place into that escrow agreement. So it seems to me that the court, in focusing on those facts, was simply bringing the jury's attention to evidence that is unmistakably there. So what was wrong with that? Was it wrong, having done that, to go on to say that if the government can show those things, that means that he is a fiduciary? Yes, well, just first of all, in the purchase and sale, the word agent comes up that Mr. DiGennaro is an agent for the seller of the properties, which is his corporation. So nowhere does it actually say he's an agent of the Guafaris or Miss Daly. That's just incorrect, that language there. So I think that the judge should have said, and I'm taking, this is an issue of state law, it's not raised here, I'm taking that, okay, an escrow may be a trust under state law. If you find that an escrow is a trust under our state law, if you find that the purchase and sale established, that the money should be in an escrow, you should consider that evidence when you decide if this relationship was in fact fiduciary, and you can consider that when you evaluate the intent of the parties of whether this should be a trust. It's part of the evidence to consider whether there's a trust relationship, but it's not the only evidence. And there was other evidence that was elicited on cross-examination, and that was argued that would suggest this was not a fiduciary relationship or shouldn't be considered that, and it shouldn't be considered an expressed trust. So just let me follow. This part of the instruction, I think I'm reading from the instruction. Now, if the Commonwealth has proved beyond reasonable doubt that the defendant, DiGennaro, in writing, agreed to act as a trustee or an agent, to hold in a separate account the money belonging to Ghaffari and Daley, then the Commonwealth would have proven that DiGennaro is a fiduciary. And the problem with that, just identify for me the pieces of that that are a problem. The problem with that is that the contract may have established that the money was supposed to go in an escrow, but it doesn't mean the Commonwealth didn't prove it on the basis of the contract alone. The jury was required to consider the intent of the parties. This is a criminal matter. I don't know how it would be viewed in a civil matter, but in a criminal matter, the words on the page don't get to decide what the party's intent are. And what about the word agreed? Now, if you didn't say, if you see a contract with his name on it, and his signature, you must find it's a fiduciary. The instruction says that if the defendant, in writing, agreed to act. So isn't agreed to act in this way just a statement that he intended to do this? Well, I mean, I guess you could interpret it that way, but I think that the more common sense way to interpret that would be... What would the more common sense way to be to not give any effect to the word agreed? No, no, I would give effect to the word agreed, but I think it's saying he agreed to this in the contract here. He agreed to put the money in an escrow account. He agreed that he would use this word. It doesn't mean that he agreed that he meant the escrow was not to be touched by anyone. It doesn't mean that he agreed that he was taking on a more fiduciary role outside of being a home builder. It doesn't mean that he agreed that the money wouldn't be accessed in any way. It says he agreed to act as a trustee or an agent to hold in a separate escrow account the money belonging. What else could that... What are you imagining the jury thought that that meant? That if you... I think the jury thought it meant if you agree, if you find that in this contract he agreed to act as a fiduciary and hold the money in an escrow account, then the Commonwealth would have proven that these two elements are met. Let me just take one step. Suppose the words in writing were not in this instruction, so it said now if the Commonwealth proved that the defendant agreed to act as a trustee or agent to hold in a separate account, then he would have proved it's a fiduciary. You'd say that was okay. Yeah, I think I would say that was okay. But that seems awfully surprising that by adding in that he not only agreed, but he did it in writing, suddenly now the jury would have been misled into thinking he didn't really intend to be a fiduciary. It doesn't say look at the contract. It's just saying certainly if you found that in writing, the government could have objected and said, why do we have to prove it was in writing? Because I think that all that part of the instruction was going over the contractual terms. It was only concerning the contract. What she was conveying was the contract is enough. This is besides the fact that she already said, and by the way, he did agree to be a fiduciary in the contract. But to me your argument is misfocused. You're arguing this as if we were the SJC, right? We're not the SJC. You made this argument to the appeals court. The appeals court said yes, the judge's charge wasn't perfect, but in the end the trial justice left the facts, made it clear that the jury was to determine the facts, and this was a law-laden situation. We've got Edper review here, which is daunting to begin with, and we've got a standard given us by the Supreme Court that converts instructional error into a due process violation in only the rarest of circumstances. And all that I've heard from you so far is a rather dubious argument that there may have been instructional error. I don't think that instructional error all the time is only a due process error. Instruction error virtually all the time is not a due process violation. That's what the Supreme Court says in the statute. But I don't, first of all, I think that what I'm not arguing is that they got the elements wrong, and I did argue that below, but I'm not arguing it here. And I think that if you look at the case of Watkins v. Murphy, it says very explicitly that although it's true that jury instructions are inherently a state of law, it doesn't mean that they're completely unreviewable. The perfect example here is when we're saying that the instructions usurped the role of the jury, it violated the Sixth Amendment. Watkins calls into question whether the instruction had the effect of removing an issue from the jury that needed to be proved beyond a reasonable doubt. And they said this rests clearly within the amendment of the U.S. Constitution. So I'm not arguing the elements. I'm arguing that the way that the elements were conveyed violated the Sixth Amendment. And still was an issue that dealt with prior bad acts. It was an evidentiary issue. I'm afraid, counsel, that you mistook my point. Sorry. Even if we were prepared to concede that there was an arguable instructional error here, even an arguable instructional error that violated the Sixth Amendment, that wouldn't get you home, right? You have to show not only incorrectness, but an egregious increment of incorrectness that meets the EDPA standard. This argument was made to the Massachusetts Appeals Court. It rejected it in a reasoned opinion. And I haven't heard a word about why the MAC's analysis was an unreasonable application of constitutional precedence. Not whether it was correct or incorrect, but unreasonable. It's unreasonable because if you read those jury instructions, it is obvious. It is obvious to any person on the street. You don't even have to look at the evidence in the case. You look at the jury instruction alone, and you can determine, based on what the judge told them, that Mr. DiGennaro is a fiduciary and there is a trust. Counsel, tell me what's wrong with... We have to concern ourselves, at least in part, with whether... We acknowledge that this jury instruction was problematic, and the district court here found it problematic. But we have to decide whether it was so problematic that it rose to the level of a due process violation. I look at this case, and I say to myself, you know, there's really not... There can't be much of a serious dispute about whether your clients had entered into a fiduciary relationship. I mean, it seems so clear from the nature of the agreement and the, I think to some extent, undisputed facts here, that this case was really about, with respect to your client, whether she knew what was going on, whether she had a fraudulent intent. That's really what this case is about. And the jury found that she had that fraudulent intent. I guess that's the fourth element of the offense. So that, although there was reason to be troubled by this instruction, it's really not what the case was about. It was really about fraudulent intent. Now what's... Is that an inappropriate way to analyze this case, if only we were supposed to ask whether this instructional error rose to the level of a due process violation? What's wrong with looking at the case the way I described it? Well, I think that fraudulent intent was one of the... You know, to argue to a jury that was arguing to the jury, there was no fraudulent intent. But without the elements of fiduciary and being a trust, the case would have been... It would have been not guilty. There is no... It wouldn't... A judgment isn't a lesser included of this statute. So... How could you... How could one argue that there wasn't a fiduciary relationship on the facts of this case? I just don't see how you could... Because you have a jury, and you have a jury of people out there who work with home builders all the time, who are business people themselves, who say, let's make a deal, who don't expect that when they go out into the commercial world and give money, that there's an overriding fiduciary responsibility, and there's a special trust that's usually reserved for probates. You're relying on the common sense of the jury, and the trial counsel is allowed to appeal to that, to say, this wasn't that. You know, this is something else. And the judge said, no, it's not. Thank you. You have one minute to reserve, right? Yeah. Yes. Good morning. May I please support Ryan Furch on behalf of the respondents? I'd like to start briefly talking about exhaustion before moving on to the merits. I think this case presents this court a good opportunity to clarify whether or not the resave remains good law in light of Baldwin. It's touched on that issue a number of times before and has not decided it. I think this case is a good chance to do that and say that the backdrop rule just can't stand in light of clear Supreme Court law contrary to that. On those grounds, you know, I also argue below that round two, which is the jury instruction claim, was not exhausted in the SJC. There's no question that it was raised to the Mass Appeals Court. The question is whether or not it was continued on the SJC. I asserted below that it wasn't. The district court disagreed. I think this court should reexamine that conclusion because it may resolve any need to get to the merits of the jury instruction claim. Moving briefly on the merits. Which do you think is the harder of the two issues? I think the jury instruction claim is the harder issue. I think the sufficiency of the evidence, the only claim here is her knowledge. That's the only part charged. The Mass Appeals Court used the Lattimore standard, so they used the correct law. They pointed to a number, and with knowledge it's allowable to use circumstantial evidence. They pointed to a mountain of circumstantial evidence that she knew that this was a fiduciary relationship, that the money was being embezzled, and that the other two elements were met. So I don't think that's necessarily a hard call, especially under efforts. I meant the exhaustion versus the jury instruction. You're asking us to make a generalized proposition for all cases about exhaustion. Right. Which turns on a difficult question of how we made our precedents in light of subsequent Supreme Court precedent. And I'm just curious whether the government thinks we need to get to that question because it's really a tough question under whether the jury instruction was faulty. I would break it down this way. I don't think the question of whether or not Barisi remains good law in light of Baldwin is a difficult question. Whether or not it was exhausted, I think going to the merits, that's probably a more difficult question than the merits. You know, the merits, I think here in light of that review, this jury instruction was, was it perfect? Probably not, but it was difficult and the court recognized that. But it seems to me that your request with due respect seems a little self-serving. I can understand how revisiting our exhaustion rule might go down to the commonwealth's benefit in a range of subsequent habeas cases if that revisiting turned out the way you'd like it to turn out. But it seems to me that that's like using an elephant gun to kill a mouse. All right, if we've got an instructional error issue, which is as clearly not a due process violation as the district court believed. Again, I agree on that point. Do you think the instructional error question is a doubtful question on this record? On the record of whether or not it justifies habeas corpus relief? Assuming exhaustion. Assuming exhaustion, I don't think it's difficult, especially in light of that. But the reason I raised the Barisi issue is because Baldwin's been the law from the Supreme Court since 2004. This court three times has said things like, we question whether or not, we assume whether or not. I believe Justice Souter wrote in for this court recently, called it problematic. And so what we're left with in lower courts, which oftentimes don't get to this court, is how do we analyze these difficult questions? And so that's why I'm asking this court to clarify it. It's been 13 years. In a case where our uncertainty on that point forces us to confront a really difficult substantive question, I could see why the state would have a problem with it. But where all it does is require you to confront what the state contends is a relatively easy substantive question, I don't quite see what the big problem is. And certainly I agree. I don't have a problem with that. I'm just raising this because it would help if I could. If I should point out, this goes back to 2004, and it hasn't been much of a practical problem up to this point. Well, it hasn't, and that's why I say it hasn't been a practical problem in this court. In lower courts it has been in a number of cases because lower courts are left with opinions saying, well, we don't know whether or not Barisi, but assuming it is, we'll use it. And that's, the court here didn't. The lower court here expressly went the other direction. So I agree, perhaps this case isn't the perfect vehicle, but I don't know how often you're going to get the perfect vehicle up here. It's been 13 years. But then you've got to define, if we go your route on this, we've got to come up with a jurisprudence defining exactly what it means to have made the argument to the SGC when you haven't done it all that expressly, but arguably you did make it. Right. And that's not such an easy thing. I think the easiest way to write this opinion is certainly to say, we're going to save the Barisi-Baldwin issue. On the point about how we should go about it, Judge Lepez was framing the issue, if I followed, in a way as a harmless error problem. So imagine the instruction's bad. And imagine even it was so bad that it was unreasonable for the SJC to have concluded that it was, or for the MAC to have concluded that it was good. Still, on habeas review, if the evidence is just overwhelming of the element that was misdescribed in the, or that was conclusively determined, we can find that it would be harmless. Now I understand the defendant's contention to be in a, maybe, a version of, we're not really allowed to do that kind of harmless error review, given the nature of the constitutional objection she's making, which is that we just, the judge just usurped the jury's infunction rather than misdescribed an element. What's your response to that? I think harmless, to the extent you ever got to that issue, harmless error would be the appropriate review. It's complicated a little bit in a habeas case where Estelle raises jury instructions to a due process problem, such that a harmless, I could see a case where a harmless review and an Estelle review are very, very similar. On the point that the defendant's raising here, I just don't, I don't think this gets anywhere near a structural error for jury instruction. The Supreme Court really, the only one I've been able to find is Sullivan, in which the lower court completely misdescribed the reasonable doubt instruction, such that the entire verdict couldn't be relied upon. So every other type of jury instruction error I've found, whether it's a conclusive presumption or completely removing an element from the jury, just one element, anything short of a directed verdict, the court has said is a harmless review. I guess what in part I was trying to get at, it seems when you're dealing with an instructional error, which quintessentially involves issues of state law, it's almost like there's a third level of review that you have to attain. Even if we were to conclude that the decision of the Mass Appeals Court on the instructional issue was incompatible with clearly established law, that you still have to address sort of the special standard that applies to an instructional error. Did that particular error so infect the process that it arose to a due process violation? Does that seem like a reasonable view of the law? That's the way I read it. The way I read it is you have to walk through the IPA analysis for the individual claim on the jury error, and even assuming you find an error in the jury, you'd have to go to the BRAC analysis, which would be harmlessness, effectively. If I'm understanding, I think there's, and it may not matter in this case, but I think those are two different inquiries. Right. The BRAC standard would just be, even assuming that there was a misleading instruction that was likely to have infected the jury's thinking about it, it wouldn't matter because there was overwhelming uncontroverted evidence of the very element that they were misled about. So it wouldn't affect the outcome. Which is different than the inquiry into whether the instruction was misleading in a way that when you look at how the case was argued in the evidence before the jury, was likely in fact to have misled them. I think those are two separate inquiries. And my reading along the way, I believe I briefed it, is that the BRAC analysis would come second. You'd have to look at what you did second first, and then get to the BRAC analysis. So unless there's further questions. Well, could you just address the defendant counsel's contention about the instruction, that just any reasonable person would have read this instruction to be an instruction saying to the jury, if you find that there's a contract with his name on it in which he agreed to the following things that are indisputably what he agreed to in the contract, you must find him a fiduciary. Her contention is that effectively took away the jury's role, because just because there's a contract saying that doesn't mean that was his intention. That has to be left to the jury to decide. There's three ways I'd like to address that. First of all, there's no language like must or presume in this instruction, like other cases where there's been a mandatory presumption. That would be the first one. The second one, just before the paragraph. No, I think her thing is that there's an if-then. There is an if-then. So the then is a must. And she's saying the if clause is, if you find that there was a, now this is her reading, if you find that there was a contract with the following terms in it, then you must find his fiduciary. She's saying that took away the jury's function of saying, yeah, there's a contract with that, but I now have to decide, does that contract show he had the intent to be a fiduciary? The way I read that, well, first of all, just reading the paragraph that you read earlier, the first line says, if the Commonwealth has proved beyond a reasonable doubt. So if the Commonwealth has met its burden of proving these things, then this is what would follow. Yeah, but what she says is that what they've proved beyond a reasonable doubt, according to the instruction, would only be in writing agreed, but she says if they prove that there's a contract that he signed. She says, yeah, but that just takes away from the jury the ability to make the judgment of, notwithstanding that there's a signed contract, I have to decide whether he agreed to do it. Which gets me to my second point. The sentence directly before that paragraph says, or the two sentences, the title itself doesn't determine the relationship. Rather, it's the relationship created by law and expressed by the parties as you find it to be by their actions and words that determines whether fiduciary relationship exists. So just before that, the court instructed, you still have to find this. Yeah, but the construction seems to be, he says, if certain facts are present, that would be a fiduciary relationship. He then immediately says those facts are present. So although he starts out appropriately, making it all conditional, he then almost immediately tells the jury that all those conditions, all those facts are present. Why isn't that tantamount to telling the jury that the government has established that there is a fiduciary relationship? First of all, I don't read it that way. The Mass Appeals Court didn't read it that way. And I understand what you're saying. I just disagree, and it's how the Mass Appeals Court read it. The other thing I would say, in addition to that instruction I just read, the court started the instructions on multiple occurrences saying that things like, if you believe the court has expressed or in any way indicated an opinion about the fact, you should disregard it. If at any time during the course of telling you about the law I refer to any facts, I'm doing it solely to illustrate a point of law and for no other reason. If I speak about the facts and it isn't the same as your memory of the facts, it's your memory of the facts that controls. So the court clearly laid out in this instruction, and she did it as she was walking through, if I'm talking about the facts, I'm using them for illustrative purposes only. I'm not telling you how to find on these particular facts. And this gets to the difficulty of the law-laden instruction. I think we're still talking past each other. I don't think the contention is necessarily that the problem in the instruction is that the judge ordered them to find that there was an agreement in writing, namely the contract. If I understood her contention, the problem is that he said that if you find there was such a contract, you must find there was a fiduciary relationship. And I don't believe that that's how the instruction was read, especially, and again, you have to… I guess what I'm trying to get from you is what would I look to conclude that she's wrong? What's the part of the instruction that tells them that even if you find that there's a contract with the terms that this contract had, you have to separately determine whether he's a fiduciary? And that's the point that I was just talking about. The instruction that it's not just the contract. You have to look at their accent words. You have to look, and she walked through this multiple times, talking about agency and fiduciary relationships of what the jury's role was versus trying to define what those relationships were. And I think it's also clear under Estelle and under review of jury instructions, you have to look at the entire jury instruction. So that's why I'm pointing to the other parts. And I'd also say… What's, in your view, the most curative part? Assuming one possibility is that the instruction she's identifying itself is not problematic. Right. Because it uses agreed. Assuming she's right about that and it is problematic, what is the curative part of the instruction you would have us look to? Well, so you just knocked off number one, which is my argument that there is no… I didn't know you were making that argument. No, no, no. My argument is that the instruction isn't problematic, which is what the Mass Appeals Court found. The second part is the instructions I just pointed to where the judge talked about how the jury should view facts. The third part is at least three to five times in the instruction the judge said, these are the four elements the Commonwealth has to prove all four. And if they didn't prove one, you must find out guilty. So those are the best curatives that I have. Thanks. Thank you. I would just like to make two brief points. One, and it seems like a foregone conclusion, but I do not believe that Estelle is the proper standard to use. Estelle, the reason Estelle gave a high standard is because it was the federal courts coming in and messing with a state evidentiary rule, and they realized that the state needs to have great latitude with their own evidentiary rules such that it has to be a real due process problem. But in McNeil, they applied it to an element. Yes, but this is different. Okay, so I'm just saying the fact it was an evidentiary rule can't be enough because in McNeil they applied Estelle's standard to a misdescription of an element. The Supreme Court did. In which case? McNeil, I think it is. Okay. I still think that this, the difference between, they came in and told the jury basically how to find these contested facts. Sorry. Thank you. Thank you.